

**Signed and Filed: May 19, 2026**

_____
**HANNAH L. BLUMENSTIEL**
**U.S. Bankruptcy Judge**

# UNITED STATES BANKRUPTCY COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

In re:                                    ) Case No. 26-30265 HLB
                                          )
ACADEMY OF VOLLEYBALL, INC.,              ) Chapter 11
                                          )
                  Debtor.                 )
_____)

### ORDER REGARDING APPLICATION FOR ORDER
### AUTHORIZING DEBTOR TO EMPLOY COUNSEL

This case is scheduled to come before the court on May 21, 2026 for a hearing on an Application for Order Authorizing Debtor Academy of Volleyball, Inc. to Employ the Law Offices of Michael Jay Berger ("MJB") as General Bankruptcy Counsel.[1] On April 29, 2026, the court issued a Tentative Ruling[2] setting forth and explaining its inclination to deny the Employment Application due to MJB's failure to follow service instructions, failure to demonstrate that it could identify and order Debtor's secured creditors according to the priority of their liens, and failure to meet multiple court-ordered deadlines, all of which caused the court to be gravely concerned about MJB's ability to competently represent Debtor in this case.

---

[1] Dkt. 32 (the "Employment Application").

[2] Dkt. 47 (the "Tentative Ruling").

MJB timely filed a response[3] to the Tentative Ruling, which it supported with a 50 page declaration from Mr. Michael Jay Berger and a 2 page declaration from Daniele Desiderio, who is Debtor's responsible individual,[4] Chief Executive Officer,[5] and part-owner.[6]  The Response does not deny the poor quality of MJB's performance; instead, it spends most of its 50 pages describing its alleged success in other cases in other courts. It explains that it has not appeared in front of this judge before and simply needs to become familiar with this judge's preferences and procedures.

MJB's Response contains some significant inaccuracies and omissions.  First, the Response appears to suggest that the court incorrectly stated that a fellow judge in the Northern District of California declined to employ MJB in In re Individualized ABA Services for Families LLC, Ch. 11 Case No. 24-41559 (Bankr. N.D. Cal.).  The problem with this suggestion is that this is not the case identified in the Tentative Ruling.

The case cited in the Tentative Ruling was In re Lamumba, Ch. 11 Case No. 25-41554 (Bankr. N.D. Cal.).  The presiding judge declined to employ MJB, citing a "litany of errors" and concluding that MJB's proposed client "deserved better."

---

[3] Dkt. 52 (the "Response").

[4] Dkts. 20, 21, and 28.

[5] Id.

[6] Dkt. 1, p. 39.

Case: 26-30265   Doc# 57   Filed: 05/19/26   Entered: 05/19/26 11:49:32   Page 2 of 5

This court also recently became aware of another case[7] (recently reassigned to this judge) in which the then-presiding judge cut MJB's fees by more than $20,000 (nearly 30%). That judge also limited MJB's payment to the balance of its retainer ($16,889.50), ordering that "[n]o additional payment shall be made . . . until further order of this Court."

At the hearing on MJB's fee application, MJB was not even aware that the Debtor had objected, which forced the court to delay the hearing so that MJB could read its former client's objection. And once the fee application was finally heard, MJB blamed its former client and refused to take responsibility for the lack of progress in a case in which the only viable exit strategy was apparent from day one. The court specifically took issue with the poor quality of MJB's work concerning the Debtor's efforts to sell its business, referring to an asset purchase agreement as "indecipherable" and noting other deficiencies. The court also criticized MJB's work on cash collateral issues, which the court described as a "fiasco".

It is simply inaccurate to say that MJB has a "well-deserved reputation for excellent work" in the Northern District of California and this judge remains seriously concerned about MJB's competency. That said, this Debtor wishes to proceed with the Employment Application, notwithstanding the problems with MJB's performance. The court will honor Debtor's wishes and will deal with substandard work in the context of fee applications.

---

[7] *In re Napa Valley Ford Lincoln Mercury, Inc.*, Ch. 11 Case No. 25-10450 (Bankr. N.D. Cal.).

Case: 26-30265   Doc# 57   Filed: 05/19/26   Entered: 05/19/26 11:49:32   Page 3 of 5

Accordingly, the court **ORDERS** as follows:

**1.** The Employment Application will be **APPROVED**.

**2.** MJB shall promptly upload an employment order that conforms to this judge's preferred form.

**3.** The May 21 hearing on the Tentative Ruling is hereby **VACATED**.

**\*\*END OF ORDER\*\***

## Court Service List

Daniele Desiderio
2424 El Camino Real
Redwood City, CA 94063