

MICHAEL JAY BERGER (State Bar # 100291) **Signed and Filed: May 21, 2026**
SOFYA DAVTYAN (State Bar # 259544)
LAW OFFICES OF MICHAEL JAY BERGER
9454 Wilshire Blvd. 6th Floor
Beverly Hills, CA 90212-2929
Telephone: (310) 271-6223
Facsimile: (310) 271-9805
E-mail: michael.berger@bankruptcypowe
E-mail: sofya.davtyan@bankruptcypower.com

_____
**HANNAH L. BLUMENSTIEL**
**U.S. Bankruptcy Judge**

*Proposed* Counsel for Debtor
and Debtor-in-Possession,
Academy of Volleyball, Inc.

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: | ) |
| | ) |
| Academy of Volleyball, Inc. | ) CASE NO.: 26-bk-30265 HLB |
| | ) |
| Debtor and Debtor-in-Possession. | ) Chapter 11 (Subchapter V) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |

### ORDER AUTHORIZING EMPLOYMENT OF COUNSEL

On April 9, 2026, Debtor filed an Application to Employ Counsel [dkt. 32]. On April 29, 2026, the Court issued a Tentative Ruling Denying Application For Order Authorizing Debtor To Employ General Bankruptcy Counsel And Setting Hearing ("Tentative Ruling Denying Application")[dkt. 47]. On May 14, 2026, Debtor and Proposed Counsel Law Offices of Michael Jay Berger filed a Response to Court's Tentative Ruling Denying

Application [dkt. 52]. On May 19, 2026, the Court entered an Order Regarding Application For Order Authorizing Debtor To Employ Counsel [dkt. 57]. There being no opposition by creditors, the Office of the United States Trustee, Subchapter V Trustee, or any interested party, and for good cause shown, the Court hereby **ORDERS** as follows:

1. Debtor is authorized to employ Michael Jay Berger and his firm ("Counsel") as general bankruptcy counsel.

2. Counsel shall place the unearned balance of any initial retainer in Counsel's trust account. Notwithstanding any agreement to the contrary, fees may not be considered earned until work is performed at Counsel's normal hourly rate. Counsel may draw funds out of the trust account as they are earned for services benefitting the estate only. No order of Court is necessary.

3. Counsel shall accept no further funds from Debtor beyond the initial retainer without an authorizing court order.

4. Under no circumstances shall Counsel represent Debtor personally where such representation is contrary to the interests of the bankruptcy estate.

5. Counsel may represent Debtor personally in matters which do not benefit the estate, so long as such matters are not contrary to the interests of the bankruptcy estate, such as defending dischargeability actions or avoiding a lien on exempt property.

6. Counsel may not use retainer funds to pay for the services described in paragraph 5 above. Counsel may seek compensation for such services in a fee application, provided the services are segregated and properly identified. Fees may be awarded for such

Case: 26-30265   Doc# 59   Filed: 05/21/26   Entered: 05/21/26 10:09:48   Page 2 of 4

services where the Court finds that the services contributed to a successful reorganization or the fees will not be paid by the estate.

7. All funds paid to Counsel in connection with the representation approved pursuant to this order are subject to review and final approval by the Court.

8. Any terms contained in Counsel's engagement agreement with the Debtor that are contrary to the Bankruptcy Code or Rules are void.

9. Counsel shall file applications for approval of fees and expenses in accordance with 11 U.S.C. §§ 326-331 (as applicable); Fed. R. Bankr. Proc. 2016(a), 2002(a), (c), and (k); B.L.R. 9014-1(b)(1); and the Northern District's Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees (available on the court website at http://www.canb.uscourts.gov/. Fee applications that do not comply with the foregoing authority may be denied.

10. The terms of this order may be modified only upon notice to all creditors and the U.S. Trustee, and only after an actual hearing, regardless of whether there is any opposition.

**\*\*\*END OF ORDER\*\*\***

COURT SERVICE LIST

ECF Participants